**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BEAVEX HOLDING CORPORATION, *et al.*,[1] | Case No. 19-10316 (LSS) |
| Debtors. | Jointly Administered |

## SCHEDULES OF ASSETS AND LIABILITIES FOR BEAVEX ACQUISITION, INC. (CASE NO. 19-10317)

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: BeavEx Holding Corporation (7740); BeavEx Acquisition, Inc. (5497); BeavEx Incorporated (7355); JNJW Enterprises, Inc. (4963); and USXP, LLC (2997). The headquarters for the above-captioned Debtors is located at 2120 Powers Ferry Road SE, Suite 300, Atlanta, GA 30339.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BEAVEX HOLDING CORPORATION, *et al.*,[1] | Case No. 19-10316 (LSS) |
| Debtors. | Jointly Administered |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, collectively, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, assisted by their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statement of Limitations, Methodology and Disclaimer regarding the Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. These Global Notes should be referred to as part of, and reviewed in connection with, any review of the Schedules and Statements.[2]

The Schedules and Statements have been prepared based on information provided by the Debtors' management and are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on unaudited financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such financial information. However, subsequent information or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions or inaccuracies may exist. The

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: BeavEx Holding Corporation (7740); BeavEx Acquisition, Inc. (5497); BeavEx Inc. (7355); JNJW Enterprises, Inc. (4963); and USXP, LLC (2997). The headquarters for the above-captioned Debtors is located at 2120 Powers Ferry Road SE, Suite 300, Atlanta, GA 30339.

[2] These Global Notes are in addition to any specific notes that may be contained in each of the Schedules or Statements. The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to any of the Debtors' remaining Schedules and Statements, as appropriate.

Debtors and their estates reserve all rights to amend or supplement their Schedules and Statements.

**Reservation of Rights**. Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, credits, allowances, substantive consolidation, equitable subordination, defenses, characterization or recharacterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers. At the time of the filing of the Schedules and Statements, the Debtors are continuing to reconcile certain liabilities. The Debtors further reserve all rights to amend, reclassify, supplement, delete or otherwise modify items included in the Schedules and Statements.

Notwithstanding anything to the contrary contained in the Schedules and Statements or these Global Notes, (i) listing a claim as secured, unsecured priority or any other classification may not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates and (ii) listing a claim on the Schedules does not constitute an admission of liability by the Debtors and their estates, and the Debtors and their estates reserve all rights to amend the Schedules. Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor and its estate that such amount is not "disputed," "contingent" or "unliquidated."

**"As of" Information Date**. Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors in the Schedules and Statements and these Global Notes is provided as of February 18, 2019 (the "Petition Date") or as close thereto as reasonably practicable under the circumstances.

**Basis of Presentation**. The Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors. Therefore, combining the assets and liabilities set forth in the Schedules and Statements could result in amounts that could be substantially different from any financial information regarding the Debtors prepared on a consolidated basis under GAAP. Unlike any consolidated financial statements, the Schedules and Statements, except where otherwise indicated herein or in the Schedules and Statements, reflect the assets and liabilities of each Debtor on a non-consolidated basis, where possible.

**Current Market Value – Net Book Value**. In many instances, current market valuations are neither maintained by, nor readily available to, the Debtors. It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily available. Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements) and may not reflect the net realizable value.

**First Day Orders**.  Pursuant to various "first day" orders and any supplements or amendments to such orders entered by the Court (each, a "First Day Order," and collectively, the "First Day Orders"), the Debtors and their estates are authorized to pay certain prepetition claims, including, without limitation, certain claims relating to employee wages and benefits, non-employee independent contractors, non-employee third-party service providers, taxes and fees, insurance programs, and customer programs.  Except to the extent that these parties have claims in excess of the authority granted to the Debtors under the First Day Orders or to the extent otherwise specified herein, the Debtors have not included such claims in the Schedules and Statements to the extent that they were paid pursuant to a First Day Order prior to the filing of the Schedules and Statements.

**Unknown or Undetermined Amounts.**  Where a description of an amount is left blank or is listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.  Certain amounts related to goods held or assets, whether owned or held by the Debtors on behalf of third parties, are unknown and unknowable.

**Estimates**.  To timely close the books and records of the Debtors and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses.

**Guaranties and Other Secondary Liability Claims**.  Guaranties and other secondary liability claims (collectively, the "Guaranties") with respect to the Debtors' contracts and leases may not be included on Schedule H, and the Debtors believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and similar agreements may exist.  Therefore, the Debtors and their estates reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

## NOTES FOR SCHEDULES

**Schedule A/B – Assets – Real and Personal Property**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in their respective Schedules and Statements, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.  The Debtors and their estates reserve all of their rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

**Schedule A/B 60**.  The value of the Debtors' trademarks and other intellectual property is maintained on an aggregate basis within the Debtors' books and records.  Accordingly, the Debtors have determined the aggregate value of such assets but are unable to allocate such value to any individual asset, the values of which are listed in the Schedules as unknown.

**Schedule A/B 63.1**.  The value of the customer lists for USXP, LLC are consolidated within the books and records for BeavEx Incorporated and are included in the Schedule for BeavEx Incorporated.

**Schedule A/B 72.** Deferred tax assets and liabilities are measured using enacted tax rates expected to apply to net operating losses and taxable income in the years in which those temporary differences and carry-forwards are expected to be recovered or settled.  A valuation allowance is established when necessary to reduce deferred tax assets to amounts expected to be realized.  The Debtors' tax return preparer has not yet completed the most recent fiscal year's schedule of allowances on deferred tax assets arising from net operating losses and for investment tax credits.  Accordingly, the amounts contained in the Schedule A/B 72 are estimated amounts based off of the most recent schedule from fiscal year 2017.

**Schedule D – Creditors Who Have Claims Secured by Property**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any of the Debtors.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that either is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document or instrument related to any such claim.  The descriptions provided in Schedule D are intended only to be a summary.

The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies and other parties which may hold security deposits.

By listing a party on Schedule D based on a UCC-1 filing, the Debtors and their estates are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing, and reserve all rights as set forth in these Global Notes.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses that such parties may be entitled to.

**Schedule E/F – Creditors Who Have Unsecured Claims**.

Except for employee claims on account of accrued paid time off, the Debtors have not listed in Schedule E/F any claim for which the Debtors have been granted authority to pay pursuant to a First Day Order to the extent that it has been or will be paid because such claims either have been, or will be, satisfied in the ordinary course of business during these chapter 11 cases. Claims on account of accrued paid time off are listed as of the Petition Date.  However certain employees may have used some or all of their paid time off since the Petition Date.

**Part 1**

The Debtors and their estates reserve all rights to dispute or challenge whether creditors listed on Part 1 of Schedule E/F are entitled to priority claims.

**Part 2**.

Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors. As such, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts, which rights are not reflected on Part 2 of Schedule E/F. Also, the amounts listed on Part 2 of Schedule E/F reflect known prepetition claims as of Petition Date. Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Part 2 of Schedule E/F, and the Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them. The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of Schedule E/F.

As noted above, certain claims listed on Part 2 of Schedule E/F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code, and the Debtors and their estates reserve all rights with respect to any such claims.

The Debtors have used commercially reasonable efforts to include all creditors on Part 2 of Schedule E/F. However, the Debtors believe that there are instances in which vendors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and not tracked on a vendor by vendor basis. Accordingly, these amounts may not have been included on Part 2 of Schedule E/F.

**Schedule G – Executory Contracts and Unexpired Leases**. Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusion may have occurred in preparing Schedule G. Moreover, the Debtors have entered into numerous confidentiality agreements with employees, customers and certain professional services firms which, due to their voluminous number, are not included in Schedule G. The Debtors reserve all rights with respect to such agreements. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease and, as noted above, the Debtors reserve the right to amend Schedule G at any time to add any omitted executory contracts, unexpired leases and other agreements to which the Debtors are a party, including, without limitation, to add any executory contracts, unexpired leases and other agreements that the Debtors, due to the voluminous number of such contracts, leases and agreements, were unable to list on Schedule G at this time. Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date or is valid or enforceable. The agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel

certificates, letters and other documents, instruments and agreements which may not be listed on Schedule G.

Any and all rights, claims and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved. The Debtors and their estates hereby reserve all of their rights to: (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary, including, without limitation, to modify which Debtor entity is a counterparty to the agreement.

## NOTES FOR STATEMENTS

**Statement 3.** Payments made to "insiders" during the 90 days prior to the Petition Date are excluded on Statement 3 to the extent that such payments are listed on Statement 4.

**Statement 4**. Upon information and belief, members of KRC Enterprises LLC are "insiders" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code. Payments to KRC Enterprises LLC, as well as certain payments to other parties, are included on Statement 4 for purposes of full disclosure and/or out of an abundance of caution. Accordingly, persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses with respect thereto are hereby expressly reserved. Further, the Debtors and their estates do not take any position with respect to: (a) such person's control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Statement 7**. The Debtors and their estates reserve all rights, claims, and defenses with respect to any and all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings). The listing of any such suits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities or that the actions or proceedings were correctly filed against the Debtors. The Debtors and their estates reserve all rights to assert that the Debtors are not an appropriate party to such actions or proceedings. The Debtors may not have included on Statement 7 certain parties that may have asserted informal workers' compensation claims or similar claims that were resolved or otherwise addressed without formal litigation or an administrative hearing or similar proceeding having been commenced.

**Statement 11**. Debtor BeavEx Incorporated made payments on behalf of all of the Debtors to various professionals retained by the Debtors for restructuring services and such payments are recorded in Statement 11 for BeavEx Incorporated.

**Statement 14**.  In the ordinary course of the Debtors' business, the Debtors utilize the services of various short-term storage facilities to supplement the storage space of their terminals.  The previous addresses listed in Statement 14 include only the terminal locations and do not include the storage facilities no longer in use by the Debtors, which information would be cumbersome to accumulate and of minimal utility to the Debtors' creditors.

**Statement 16**.  The Debtors do not believe that they are in possession of personally identifiable information, however, may unknowingly have collected such information to the extent that a customer may have paid for services using personal credit information.

**Statement 21**.  In the ordinary course of the Debtors' business, the Debtors hold a significant amount of goods on behalf of third parties which they are responsible for storing and transporting.  The value is listed in Statement 21 as unknown as the value of such goods is knowable only by the Debtors' customers and such information may be confidential or otherwise cumbersome to accumulate.

**Statement 26d1**.  The Debtors may have excluded from the response to Statement 26d1 certain landlords who may have requested copies of the Debtors' financial statements in connection with the execution and/or renewal of certain lease agreements.

**Statement 28**.  As more fully described in the *Declaration of Donald Van der Wiel in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2], the Eos Parties served their Abandonment of Securities of BeavEx Holding Corporation (the "Abandonment Notice") on the Debtors.  In the Abandonment Notice, the Eos Parties stated that they were abandoning, relinquishing and surrendering all rights, title, and interests in and to any and all shares of capital stock of the Debtors owned by them (the "Securities") as well as any and all rights to distributions, any and all voting rights and any and all other economic, legal or other rights associated with the Securities.  The Debtors have reserved any and all of their rights with respect to such action taken by the Eos Parties and have included the payments to the Eos Parties out of an abundance of caution.

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

## Part 1:    Summary of Assets

1. Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

1a. Real property:                               $0.00
           Copy line 88 from Schedule A/B

1b. Total personal property:               $0.00
           Copy line 91A from Schedule A/B

1c. Total of all property:                  $0.00
           Copy line 92 from Schedule A/B

## Part 2:    Summary of Liabilities

2. Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)       $38,931,635.63
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

3. Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

3a. Total claim amounts of priority unsecured claims:      $0.00
           Copy the total claims from Part 1 from line 5a of Schedule E/F

3b. Total amount of claims of nonpriority amount of unsecured claims:      $0.00
           Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F

4. Total Liabilities                                      $38,931,635.63
Lines 2 + 3a + 3b

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---------|---------------------------|

1. Does the debtor have any cash or cash equivalents?

   ⦿ No. Go to Part 2.

   ○ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. Cash on hand

| 2.1 | NONE | $0.00 |
|---|---|---|

3. Checking, savings, money market, or financial brokerage accounts *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|---|
| 3.1 | NONE | | | $0.00 |

4. Other cash equivalents *(Identify all)*

| 4.1 | NONE | $0.00 |
|---|---|---|

5. Total of Part 1

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $0.00 |
|---|

6. Does the debtor have any deposits or prepayments?

○ No. Go to Part 3.

○ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. Deposits, including security deposits and utility deposits
Description, including name of holder of deposit

| 7.1 | NONE | $0.00 |
|---|---|---|

8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent
Description, including name of holder of prepayment

| 8.1 | NONE | $0.00 |
|---|---|---|

9. Total of Part 2

Add lines 7 through 8. Copy the total to line 81.

| $0.00 |
|---|

10. Does the debtor have any accounts receivable?

○ No. Go to Part 4.

○ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

11. Accounts receivable

| 11a. | 90 days old or less: | NONE | | = ........ ➔ | $0.00 |
|---|---|---|---|---|---|
| | | - | doubtful or uncollectible accounts | | |
| | | face amount | | | |
| 11b. | Over 90 days old: | NONE | | = ........ ➔ | $0.00 |
| | | - | doubtful or uncollectible accounts | | |
| | | face amount | | | |

12. Total of Part 3

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| $0.00 |
|---|

13. Does the debtor own any investments?

○ No. Go to Part 5.

● Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| 14.1 | NONE | | $0.00 |
|---|---|---|---|

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| | Name of entity: | % of ownership: | | |
|---|---|---|---|---|
| 15.1 | BEAVEX INCORPORATED 9.5 SHARES OF COMMON STOCK | 100 % | PAR VALUE | UNKNOWN |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

| 16.1 | NONE | | $0.00 |
|---|---|---|---|

**17. Total of Part 4**
Add lines 14 through 16. Copy the total to line 83.

$0.00

---

**Part 5:**  **Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

- ◉ No. Go to Part 6.
- ◯ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| NONE | | $ | | $0.00 |
| **20. Work in progress** | | | | |
| NONE | | $ | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| NONE | | $ | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| NONE | | $ | | $0.00 |

23. Total of Part 5

Add lines 19 through 22. Copy the total to line 84.

$0.00

24. Is any of the property listed in Part 5 perishable?

- ⦿ No
- ◯ Yes

25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?

- ⦿ No
- ◯ Yes      Book value  $ _____      Valuation method _____      Current value  $ _____

26. Has any of the property listed in Part 5 been appraised by a professional within the last year?

- ⦿ No
- ◯ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?

- ⦿ No. Go to Part 7.
- ◯ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. Crops—either planted or harvested | | | |
| NONE | $ _____ | _____ | $0.00 |
| 29. Farm animals *Examples:* Livestock, poultry, farm-raised fish | | | |
| NONE | $ _____ | _____ | $0.00 |
| 30. Farm machinery and equipment (Other than titled motor vehicles) | | | |
| NONE | $ _____ | _____ | $0.00 |
| 31. Farm and fishing supplies, chemicals, and feed | | | |
| NONE | $ _____ | _____ | $0.00 |
| 32. Other farming and fishing-related property not already listed in Part 6 | | | |
| NONE | $ _____ | _____ | $0.00 |

33. Total of Part 6

Add lines 28 through 32. Copy the total to line 85.

$0.00

34. Is the debtor a member of an agricultural cooperative?

- ○ No
- ○ Yes. Is any of the debtor's property stored at the cooperative?
  - ○ No
  - ○ Yes

35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?

- ○ No
- ○ Yes    Book value   $ _____    Valuation method _____    Current value   $ _____

36. Is a depreciation schedule available for any of the property listed in Part 6?

- ○ No
- ○ Yes

37. Has any of the property listed in Part 6 been appraised by a professional within the last year?

- ○ No
- ○ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |

38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?

- ○ No. Go to Part 8.
- ○ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. Office furniture | | | |
| 39.1   NONE | $ _____ | _____ | $0.00 |
| 40. Office fixtures | | | |
| 40.1   NONE | $ _____ | _____ | $0.00 |
| 41. Office equipment, including all computer equipment and communication systems equipment and software | | | |
| 41.1   NONE | $ _____ | _____ | $0.00 |
| 42. Collectibles *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1   NONE | $ _____ | _____ | $0.00 |

43. Total of Part 7

Add lines 39 through 42. Copy the total to line 86.

$0.00

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

- ⦿ No
- ◯ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

- ⦿ No
- ◯ Yes

<table>
<tr><td>**Part 8:**</td><td colspan="4">**Machinery, equipment, and vehicles**</td></tr>
</table>

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

- ⦿ No. Go to Part 9.
- ◯ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | $ | | $0.00 |
| NONE | | | |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | $ | | $0.00 |
| NONE | | | |
| **49. Aircraft and accessories** | | | |
| 49.1 | $ | | $0.00 |
| NONE | | | |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 | $ | | $0.00 |
| NONE | | | |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$0.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

- ⦿ No
- ◯ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

- ⦿ No
- ◯ Yes

**Part 9:** **Real Property**

54. Does the debtor own or lease any real property?

○ No. Go to Part 10.

○ Yes. Fill in the information below.

55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 NONE | | $ | | $0.00 |

56. Total of Part 9.

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$0.00

57. Is a depreciation schedule available for any of the property listed in Part 9?

○ No

○ Yes

58. Has any of the property listed in Part 9 been appraised by a professional within the last year?

○ No

○ Yes

**Part 10:** **Intangibles and intellectual property**

59. Does the debtor have any interests in intangibles or intellectual property?

○ No. Go to Part 11.

○ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. Patents, copyrights, trademarks, and trade secrets | | | |
| 60.1 NONE | $ | | $0.00 |
| 61. Internet domain names and websites | | | |
| 61.1 NONE | $ | | $0.00 |
| 62. Licenses, franchises, and royalties | | | |
| 62.1 NONE | $ | | $0.00 |

63. Customer lists, mailing lists, or other compilations

63.1 NONE      $ _____     _____     $0.00

64. Other intangibles, or intellectual property

64.1 NONE      $ _____     _____     $0.00

65. Goodwill

65.1 NONE      $ _____     _____     $0.00

66. Total of Part 10.

Add lines 60 through 65. Copy the total to line 89.

| $0.00 |
|---|

67. Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?

- ⦿ No
- ◯ Yes

68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?

- ⦿ No
- ◯ Yes

69. Has any of the property listed in Part 10 been appraised by a professional within the last year?

- ⦿ No
- ◯ Yes

**Part 11:** **All other assets**

70. Does the debtor own any other assets that have not yet been reported on this form?
Include all interests in executory contracts and unexpired leases not previously reported on this form.

- ⦿ No. Go to Part 12.
- ◯ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

71. Notes receivable
Description (include name of obligor)

71.1 NONE      _____  -  _____ = ➔ $0.00
       total face amount     doubtful or uncollectible amount

72. Tax refunds and unused net operating losses (NOLs)
Description (for example, federal, state, local)

72.1 NONE      Tax year _____     $0.00

73. Interests in insurance policies or annuities

73.1   NONE _____      $0.00 _____

74. Causes of action against third parties (whether or not a lawsuit has been filed)

74.1   NONE _____      $0.00 _____

Nature of Claim        _____

Amount requested       $ _____

75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims

75.1   NONE _____      $0.00 _____

Nature of Claim        _____

Amount requested       $ _____

76. Trusts, equitable or future interests in property

76.1   NONE _____      $0.00 _____

77. Other property of any kind not already listed *Examples:* Season tickets, country club membership

77.1   NONE _____      $0.00 _____

78. Total of Part 11.

Add lines 71 through 77. Copy the total to line 90.          | $0.00 _____ |

79. Has any of the property listed in Part 11 been appraised by a professional within the last year?

◉ No

◯ Yes

| Part 12: | **Summary** |
| --- | --- |

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $0.00 | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $0.00 | |
| 82. Accounts receivable. Copy line 12, Part 3. | $0.00 | |
| 83. Investments. Copy line 17, Part 4. | $0.00 | |
| 84. Inventory. Copy line 23, Part 5. | $0.00 | |

85. Farming and fishing-related assets. Copy line 33, Part 6.   $0.00

86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7.   $0.00

87. Machinery, equipment, and vehicles. Copy line 51, Part 8.   $0.00

88. Real property. Copy line 56, Part 9.   → $0.00

89. Intangibles and intellectual property.. Copy line 66, Part 10.   $0.00

90. All other assets. Copy line 78, Part 11.   $0.00

91. Total. Add lines 80 through 90 for each column   91a. $0.00   91b. $0.00

92. Total of all property on Schedule A/B. Lines 91a + 91b = 92.   $0.00

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

Be as complete and accurate as possible.

**Part 1: List Creditors Who Have Claims Secured by Property**

1. Do any creditors have claims secured by debtor's property?

○ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

● Yes. Fill in all of the information below.

2. List creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>Amount of Claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|

**2.1**

Creditor's name and mailing address
EOS PARTNERS, L.P. AND ECP HELIOS IV, L.P. C/O EOS PARTNERS, L.P., ATTN: JOHN LEE 437 MADISON AVENUE 14TH FLOOR NEW YORK, NY 10022

Date debt was incurred?

Last 4 digits of account number

Do multiple creditors have an interest in the same property?

● No

○ Yes. Specify each creditor, including this creditor, and its relative priority.

Describe debtor's property that is subject to the lien:
SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS

Describe the lien
REVOLVING NOTE, DATED ON OR ABOUT DECEMBER 19, 2012

Is the creditor an insider or related party?

● No

○ Yes

Is anyone else liable on this claim?

○ No

● Yes Fill out Schedule H: Codebtors (Official Form 206H)

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

$ UNKNOWN

**2.2**

Creditor's name and mailing address
EOS PARTNERS, L.P. AND ECP HELIOS IV, L.P. C/O EOS PARTNERS, L.P., ATTN: JOHN LEE 437 MADISON AVENUE 14TH FLOOR NEW YORK, NY 10022

Date debt was incurred?

_____

Last 4 digits of account number

_____

Do multiple creditors have an interest in the same property?

- (•) No
- ( ) Yes. Specify each creditor, including this creditor, and its relative priority.

_____

Describe debtor's property that is subject to the lien:
SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS

Describe the lien
TERM NOTE, DATED ON OR ABOUT DECEMBER 19, 2012

Is the creditor an insider or related party?

- (•) No
- ( ) Yes

Is anyone else liable on this claim?

- ( ) No
- (•) Yes Fill out Schedule H: Codebtors (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply.

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

$9,008,900.76          $ UNKNOWN

---

**2.3**

Creditor's name and mailing address
EOS PARTNERS, L.P. AND ECP HELIOS IV, L.P. C/O EOS PARTNERS, L.P., ATTN: JOHN LEE 437 MADISON AVENUE 14TH FLOOR NEW YORK, NY 10022

Date debt was incurred?

_____

Last 4 digits of account number

_____

Do multiple creditors have an interest in the same property?

- (•) No
- ( ) Yes. Specify each creditor, including this creditor, and its relative priority.

_____

Describe debtor's property that is subject to the lien:
SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS

Describe the lien
SENIOR SECURED PROMISSORY NOTE, DATED ON OR ABOUT JUNE 15, 2017

Is the creditor an insider or related party?

- (•) No
- ( ) Yes

Is anyone else liable on this claim?

- ( ) No
- (•) Yes Fill out Schedule H: Codebtors (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply.

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

$1,075,000.00          $ UNKNOWN

| 2.4 | | $9,684,000.00 | $ UNKNOWN |

**Creditor's name and mailing address**
EOS PARTNERS, L.P. AND ECP
HELIOS IV, L.P. C/O EOS PARTNERS,
L.P., ATTN: JOHN LEE 437
MADISON AVENUE 14TH FLOOR
NEW YORK, NY 10022

**Date debt was incurred?**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
- ⦿ No
- ○ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**
SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS

**Describe the lien**
SENIOR SEURED PROMISSOR NOTE, DATED ON OR ABOUT AUGUST 17, 2017

**Is the creditor an insider or related party?**
- ⦿ No
- ○ Yes

**Is anyone else liable on this claim?**
- ○ No
- ⦿ Yes Fill out Schedule H: Codebtors (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

- ☐ Contingent

- ☐ Unliquidated

- ☐ Disputed

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.       $38,931,635.63

☐ Check if this is an amended filing

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

◉ No. Go to Part 2.

◯ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address | $ _____ | $0.00 _____ |

NONE

Date or dates debt was incurred

Last 4 digits of account number

_____

Specify Code subsection of PRIORITY unsecured claim:
11 U.S.C. § 507(a) ( _____ )

As of the petition filing date, the claim is:
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

Basis for the claim:

_____

Is the claim subject to offset?

◉ No

◯ Yes

### Part 2: List All Creditors with NONPRIORITY Unsecured Claim

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| 3.1 | Nonpriority creditor's name and mailing address | UNKNOWN |

GLOBAL REACH LOGISTICS, INC. V. BEAVEX ACQUISITION 2821 CROW CANYON ROAD SUITE 205 SAN RAMON, CA 94583-1659

Date or dates debt was incurred

As of the petition filing date, the claim is:
*Check all that apply.*

☑ Contingent

☑ Unliquidated

☑ Disputed

Basis for the claim:
LITIGATION

Is the claim subject to offset?

◉ No

◯ Yes

**Part 3:** **List Others to BE Notified About Unsecured Claims**

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1. _____ | Line _____ ☐ Not listed. Explain _____ | _____ |

**Part 4:** **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $0.00 |
| 5b. Total claims from Part 2 | 5b. | $0.00 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $0.00 |

☐ Check if this is an
amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:    Executory Contracts and Unexpired Leases**

1. Does the debtor have any executory contracts or unexpired leases?

   ⦿  No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ◯  Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1    State what the contract
       or lease is for and the        _____          _____
       nature of the debtor's
       interest
       State the term                 _____
       remaining
       List the contract              _____
       number of any
       government contract

☐ Check if this is an
amended filing

Official Form 206H

## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. Does the debtor have any codebtors?

　○　No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

　◉　Yes

2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* Codebtor | | *Column 2:* Creditor | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 | SEE SCHEDULE H ATTACHMENT | | ☑ D |
| | | | ☐ E/F |
| | | | ☐ G |

## Schedule H – Attachment 1

***Revolving Note and Term Note, each dated December 19, 2012***

| Role | Debtor |
|---|---|
| Guarantor | BeavEx Holding Corporation |
| Guarantor | BeavEx Acquisition, Inc. |
| Issuer | BeavEx Incorporated |
| Issuer | JNJW Enterprises, Inc. |
| Issuer | USXP, LLC |

***Senior Secured Promissory Note, dated June 15, 2017, and Senior Secured Promissory Note, dated August 17, 2017***

| Role | Debtor |
|---|---|
| Issuer | BeavEx Holding Corporation |
| Issuer | BeavEx Acquisition, Inc. |
| Issuer | BeavEx Incorporated |
| Issuer | JNJW Enterprises, Inc. |
| Issuer | USXP, LLC |

☐ Check if this is an amended filing

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206G)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | 04/05/2019 | /s/ Donald Van der Wiel |
| --- | --- | --- |
| | | Signature of individual signing on behalf of debtor |
| | | Donald Van der Wiel |
| | | Printed name |
| | | Chief Restructuring Officer |
| | | Position or relationship to debtor |